10

Fear Waddell, P.C.
Peter L. Fear, No. 207238
Gabriel J. Waddell, No. 256289
7750 North Fresno Street, Suite 101
Fresno, California 93720
(559) 436-6575
(559) 436-6580 (fax)
pfear@fearlaw.com

Attorney for Debtor DORES

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>FRANK MIRANDA DORES and<br>MARY ANNE SOUZA DORES.<br><br><br><br>Debtor(s). | Case No. 16-10169-B-13<br><br>Chapter 13<br><br>D.C. No. FW-1<br><br>Date: February 11, 2016<br>Time: 1:30 p.m.<br>Place: Dept. B, Ctrm. 12, 5th Floor<br>       United States Courthouse<br>       2500 Tulare St., Fresno, California<br>Judge: Hon. René Lastreto |

**MOTION FOR AN ORDER OF CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY**

The Debtor hereby moves for an order of contempt for violation of the automatic stay by Bunnett & Co., Inc. and Energy Feeds International, LLC (collectively, "Bunnett") as described herein (the "Motion") pursuant to 11 U.S.C. § 362, 11 U.S.C. § 105, F.R.B.P. 9020, and the Rules of this court. This Motion is based on the Notice of Motion and the Declaration of Frank Dores filed herewith, and on the contents of Debtor's Schedules and Statement of Affairs and the following points and authorities:

Motion for Contempt (etc.) - 1

## **INTRODUCTION**

1. Bunnet is a multi-million dollar company that supplies mineral supplements for use in the dairy industry. Debtor Frank Dores ("Debtor") worked for Bunnett from approximately 2008 until October 2015. Due to stress caused by workplace harassment and cutthroat business practices, Debtor resigned from his employment with Bunnett in approximately October 2015.

In approximately November 2015, continuing its pattern of harassment and cutthroat business practices, Bunnett filed an action in Texas against Debtor Frank Dores ("Debtor") for breach of fiduciary duty and misappropriation of trade secrets, seeking damages in an amount to be determined at trial (the "Bunnett Lawsuit"). During his employment by Bunnett, Debtor had always worked in California, and was financially unable to defend himself in Texas. On the other hand, Bunnett has substantial resources with which to bring harassing litigation matters against Debtor. Debtor did not misappropriate trade secrets or breach any fiduciary duties and if he had the resources to do so, could have defended himself on the merits. But after running up over $50,000 in attorney fees which he could not pay, Debtor had to file this bankruptcy case.

After being informed of the bankruptcy case, instead of ceasing litigation, as is required by the automatic stay, Bunnett filed a motion to compel (the "Post-Filing Motion") discovery from Debtor arguing that the stay should not apply and asking the Texas court to grant monetary sanctions against Debtor.

The Bunnett Lawsuit includes a claim for pre-petition damages. Because the action contains an action for damages, the automatic stay of 11 U.S.C. § 362 clearly prohibits further litigation of the claims alleged therein. Consequently, filing the Motion to Compel was a violation of the automatic stay. This violation was especially egregious because the Motion to

Motion for Contempt (etc.) - 2

Compel sought monetary sanctions against Debtor, an additional violation of the automatic stay.

## **FACTS**

Frank Dores ("Debtor") grew up in the dairy business. One of his first jobs was feeding cows. After high school, he started working for a mineral supplement company delivering minerals to dairy farmers, and eventually worked his way up to being a salesman for those supplements. He did well and developed a good reputation in the industry, forging many valuable relationships. Because of his reputation and relationships in the industry, in 2008 he was hired by Bunnett to be a sales representative for California and several other western states.

In October 2015, Debtor had to resign from Bunnett due to stress caused by workplace harassment and cutthroat business practices. Shortly after resigning, Bunnett sued Debtor in Texas with spurious accusations of breaching fiduciary duties and misappropriating trade secrets (the "Bunnett Litigation"). The kind of aggressive and vindictive actions that Bunnett has taken against Debtor in pursuing the Bunnett Litigation is an example of what they have done to suppliers with whom Debtor had formed good relationships over many years.

Debtor attempted to defend himself from the spurious accusations by Bunnett and to keep from having to litigate in Texas, but after approximately two months and over $60,000 in attorney fees, Debtor knew that he did not have the financial means to fight Bunnett. Due to the Bunnett Litigation and other debts accumulated by Debtor, he and his wife were forced to file this bankruptcy case. Debtor has been unable to work and has been on disability since October 2015, and will remain on disability until at least May 2016. Even though Debtor

should be allowed to seek other employment in the dairy industry, he is not doing so now due to his mental health and does not intend doing so before May 2016.

Debtor's deposition had been scheduled for January 26, 2016. This bankruptcy case was filed on January 22, 2016. After learning of the filing of the bankruptcy case, on January 25, 2016, Bunnett filed a motion to compel (the "Post-Filing Motion") Debtor to appear for a deposition in the Bunnett Litigation, specifically requesting that the Texas court order Debtor to pay Bunnett's fees and costs in bringing the Post-Filing Motion.

## **POINTS AND AUTHORITIES**

1.　　The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). A motion for civil contempt is an appropriate procedural mechanism for enforcing the automatic stay. *See* F.R.B.P. 9020; In re Hackard & Holt, 2014 WL 4966563 * 7 (Bankr. E.D. Cal. Oct. 3, 2014).

2.　　This bankruptcy matter was filed by the debtors on January 22, 2016, thus instituting the automatic stay provisions of 11 U.S.C. § 362 (the "Automatic Stay"). The Automatic Stay prohibits, *inter alia*, the "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

3.　　Prior to the filing of this bankruptcy, Bunnett filed the Bunnett Lawsuit against Debtor, alleging various torts against Debtor. The Bunnett Lawsuit requests judgment in the

1　form of injunctive relief and damages, including exemplary damages, reasonable attorneys

2　fees, costs of suit, and interest.

3　　　4.　　The Bunnett Lawsuit was and is based on allegations of pre-petition conduct of

4　the Debtor.

**The Automatic Stay Enjoins Further Discovery in the Bunnett Lawsuit**

6　　　5.　　The Automatic Stay is "is designed to immediately maintain the status quo by

7　precluding and nullifying postpetition actions, whether judicial or nonjudicial, in

8　nonbankruptcy forums against the debtor and property of the estate." In re Dunbar, 235 B.R.

9　465, 470 (B.A.P. 9th Cir. 1999) aff'd, 245 F.3d 1058 (9th Cir. 2001).

10　　　6.　　It is important to remember that in the Ninth Circuit, creditors have an

11　affirmative duty to discontinue litigation on a pre-petition claim against a debtor in bankruptcy.

12　Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002).

13　　　7.　　Bunnett's Post-Filing Motion appears to argue that the Bunnett Lawsuit is *not*

14　stayed, as an action to enjoin alleged ongoing tortious actions by the Debtor. Such an

15　argument ignores the fact that the purpose of the Bunnett Lawsuit is to obtain monetary

16　damages against the Debtor. Simply adding an injunctive claim to a lawsuit for damages does

17　not somehow eliminate a lawsuit from the restrictions of the Automatic Stay.

18　　　8.　　Additionally, discovery is "continuation" of a proceeding pursuant to the

19　provisions of § 362(a)(1). In re Manown, 213 B.R. 411, 412 (Bankr. N.D. Ga. 1997).

20　　　9.　　In spite of this, the Post-Filing Motion is a demand that Debtor continue to

21　engage in a discovery process that seeks to prove he should pay damages.

22　　　10.　　These demands run directly counter to the goals of the automatic stay as stated

23　by the Ninth Circuit:

> The automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. By halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal citations and quotes omitted).

11. Based on the foregoing, Debtor brings this motion to enforce the Automatic Stay to which Debtor is entitled.

**There is No Exception to the Automatic Stay that Would Allow Bunnett to Proceed with the Bunnett Lawsuit or the Post-Filing Motion**

12. While there are exceptions to the automatic stay, such exemptions should be read narrowly. Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 590 (9th Cir. 1993).

13. In support of the assertion that the Bunnett Lawsuit is not stayed, Bunnett relies on the Sixth Circuit case of Dominic's Rest. Of Dayton, Inc. v. Mantia, 683 F.3d 757 (6th Cir. 2012). In Dominic's, the court explicitly stated that the plaintiffs in that case were "neither creditors nor claimants to [the debtors'] property." Id. at 760. In this bankruptcy case, Bunnett has expressly sought damages as part of its lawsuit against Debtor, and is therefore, a creditor. The Sixth Circuit further based its decision the based its decision on the fact that the district court was ordering enforcement of its own pre-petition orders through a contempt order. Id. at 761. No such argument can be made in this case. Instead, the Post-Filing Motion seeks a post-filing order compelling the Debtor to participate in discovery.

14. Specifically, the Post-Filing Motion requests as follows:

> [Bunnett] respectfully request[s] that [the district court] (a) hold that the automatic stay arising from Defendant's bankruptcy case is not applicable to the preliminary injunction hearing and any discovery related thereto and (b) order Defendant to appear at his deposition not later than Friday, January 29, 2016, and (c) order Defendant to supplement his interrogatory

Motion for Contempt (etc.) - 6

        answers and document production to provide complete responses not later than 48 hours prior to his deposition.

Request for Judicial Notice in Support of Motion for an Order of Contempt for Violation of the Automatic Stay ("RJN"), Exhibit B (the Post-Filing Motion), p. 11.

    15. Notable in its absence is any request that the Texas district court enforce a pre-bankruptcy order which Debtor is allegedly violating. This case is not about protecting the power of the district court to enforce its own orders; instead, Bunnett is seeking to advance its own interests by forcing the debtor to continue in discovery in a lawsuit directly seeking damages from the Debtor.

    16. This point is vital, as it demonstrates that the request for such relief lies squarely outside the narrow judicially-crafted exception to the Automatic Stay recognized in the Ninth Circuit to allow non-bankruptcy courts to enforce their pre-petition orders. In defining that exception, the Bankruptcy Appellate Panel stated that "a contempt action for nonpayment of court-ordered sanctions is exempted from the automatic stay unless the proceeding turns on the determination or collection of the underlying judgment." In re Dingley, 514 B.R. 591, 600 (B.A.P. 9th Cir. 2014). There is no way to align the requirements of this exception with the demands stated in the Post-Filing Motion.

    17. As there is no exception to the Automatic Stay which would allow the Post-Filing Motion to be resolved in Bunnett's favor, Debtor seeks enforcement of the stay as discussed herein.

**The Post-Filing Motion of Plaintiffs Requests Monetary Sanctions, and Thereby Violates the Automatic Stay**

    18. The Post-Filing Motion does not stop with the relief discussed above. In addition to the requests for an order compelling further discovery, Bunnett has specifically

Motion for Contempt (etc.) - 7

1　requested that the court order "costs and fees incurred in the filing of this motion." RJN,

2　Exhibit B (the Post-Filing Motion), p. 11.

3　　　19.　Once again, no exception exists to allow Bunnett to pursue such relief. The
4　automatic stay prevents any act to obtain possession of property of the estate. 11 U.S.C. §
5　362(a)(3). In a Chapter 13, property of the estate includes property the debtor acquires after
6　commencement of the case, as well as post-petition earnings. 11 U.S.C. § 1306(a). By way of
7　the Post-Filing Motion, Bunnett is seeking to recover money from the Debtor in a non-
8　bankruptcy forum. All of Debtor's assets, as well as Debtor's post-petition earnings, are
9　currently protected by the automatic stay and Bunnett's Post-Filing Motion is attempting to
10　obtain an award against those assets and earnings.

11　　　20.　It is also important to note that the Bunnett Litigation appears to be an attempt
12　to keep Debtor completely out of the dairy industry. If Bunnett was successful in that attempt,
13　that would substantially decrease Debtor's ability to earn income which could be used to fund
14　a plan in this case. At this point, Debtor is unsure if or when he would ever work in the dairy
15　industry, but he should not be foreclosed from doing so.

16　**Actions Taken in Violation of the Automatic Stay are Void, and Only This Court Has the Authority to Terminate It**

17

18　　　21.　As discussed herein, the Post-Filing Motion, and its requested relief, violates the
Automatic Stay. Actions taken in violation of the stay are void. In re Schwartz, 954 F.2d 569,
19　571 (9th Cir. 1992).

20
　　　22.　It is this court, not the district court in Texas, that has the sole authority to
21　modify or terminate the Automatic Stay. *See* In re Gruntz, 202 F.3d 1074, 1081 (9th Cir.
22　2000). Unless and until this court orders otherwise, the Automatic Stay operates to protect the
23　Debtor from just such relief as requested by the Post-Filing Motion.

24

**Bunnett Can Obtain All the Discovery It Needs In this Bankruptcy Case**

23. Debtor has attempted to convince Bunnett that Debtor has no trade secrets or confidential information of Bunnett. To the extent that Bunnett still believes this is not the case, this bankruptcy case actually provides many opportunities for Bunnett to obtain the information it desires.

24. First, Debtor will be required to appear and answer questions under oath at a 341 meeting of creditors. If Bunnett's allegations were true and Debtor was using Bunnett confidential information, Debtor would not be able to confirm a Chapter 13 Plan and that information would be important to bring out at the 341 meeting of creditors. Consequently, the 341 meeting of creditors would be a prime opportunity to be able to cross-examine Debtor to verify that he is not using any alleged trade secrets of Bunnett.

25. Second, F.R.B.P. 2004 provides a mechanism for any party in interest to obtain a deposition of the Debtor. Bunnett could easily avail itself of this remedy.

26. Third, because Debtor has had to file bankruptcy, Debtor is required to disclose his financial dealings in filings with the Court and to provide extensive financial information to the Chapter 13 Trustee. If there was something in those disclosures that showed Debtor was operating some business on the side using confidential information from Bunnett, that would be plainly apparent and the Chapter 13 Trustee would not allow Debtor to continue in Chapter 13.

27. If Bunnett really just wants to verify that Debtor is not using confidential information against Bunnett (instead of attempting to harass Debtor), Bunnett has ample means within the bankruptcy case to do so.

1   WHEREFORE, Debtor requests that this Court enter an order of contempt against

2   Bunnett for violation of the automatic stay by filing the Post-Filing Motion and for other such

3   relief as may be just and proper.

4   Date: 1/28/2016                FEAR WADDELL, P.C.

5                          By:  /s/ Peter L. Fear
                                Peter L. Fear

Motion for Contempt (etc.) - 10